UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT M. KUN, on his own behalf and on behalf of those similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL REVERE LIFE INSURANCE COMPANY, PAULA M. KRAGER, UNUM PROVIDENT CORPORATION, and DOES 1 to 50, inclusive,<br><br>　　　　Defendants. | Case No. 09-4414 SC<br><br>ORDER DENYING PLAINTIFF'S AMENDED <u>MOTION TO REMAND</u> |

### I. **INTRODUCTION**

This matter comes before the Court on the Amended Motion to Remand ("Motion") filed by Plaintiff Albert M. Kun ("Plaintiff" or "Kun"). Docket No. 12. Defendants The Paul Revere Life Insurance Company and Unum Group ("Defendants") filed an Opposition and Plaintiff submitted a Reply. Docket Nos. 16, 17. For the following reasons, Plaintiff's Motion is DENIED.

### II. **BACKGROUND**

On or about July 26, 1978, Plaintiff purchased a disability insurance policy from The Paul Revere Life Insurance Company. Kun

Decl. ¶ 3.[1] On or about April 25, 2009, Plaintiff was involved in an automobile accident resulting in multiple bone fractures. Id. ¶ 7. On or about May 11, 2009, Plaintiff applied for benefits under his insurance policy in the amount of $2000 per month. Id. ¶ 8. According to Plaintiff, the claims adjuster told him that because he was over seventy years old, the benefits would be limited to a two-year period. Id. ¶ 9. On or around August 5, 2009, Unum sent Plaintiff a check for $333.33. Notice of Removal, Docket No. 1, Ex. A ("Compl.").[2]

On August 14, 2009, Plaintiff filed a Complaint in the Superior Court of California, County of San Francisco, alleging causes of action against Defendants for breach of contract, breach of the covenant of good faith and fair dealing, fraud, restitution under California Business and Professions Code § 17200 et seq., negligence, and violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750-1784. See Compl. Defendants removed the action to this Court. See Notice of Removal. Plaintiff seeks to remand this action contending that the amount in controversy does not exceed $75,000. Mot. at 1.

**III. LEGAL STANDARD**

Any civil action brought in a state court may be removed to this Court where there is complete diversity of citizenship and

---

[1] Albert M. Kun is representing himself in this litigation, and he filed a declaration in support of his Motion to Remand. Docket No. 13.

[2] A copy of the Unum check is attached as Exhibit B to Plaintiff's Complaint.

2

where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441. The Court strictly construes the removal statute against removal jurisdiction, and therefore the defendant always has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied . . . ." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). If the state-court complaint is unclear, then the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds the jurisdictional threshold. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

**IV. DISCUSSION**

Plaintiff contends that the maximum amount of contract damages in this case is $24,000. Mot. at 2. However, the Court's review of the Complaint filed in state court, as well as the declaration filed in support of his Amended Motion to Remand, indicates that Kun is claiming an entitlement to disability benefits of $2000 per month for twenty-four months, which totals $48,000. See Compl. ¶ BC-2, ¶ FR-2; Kun Decl. ¶ 9. In his fourth cause of action, Plaintiff seeks restitution of all his premium

3

1  payments since 1978, which amounts to $39,710.28.  See Compl.; Kun
2  Decl. ¶ 6.  Based on these claims alone, and without even
3  considering Kun's other requests for relief, it is clear that
4  Plaintiff is claiming a sum greater than the jurisdictional
5  requirement of $75,000.
6      Relying on Guglielmino, Plaintiff contends that the damages
7  for each of his causes of action must be examined separately and
8  cannot be added.  Reply at 1.  This contention is incorrect.  See
9  Guglielmino, 506 F.3d at 701 (affirming district court's
10 determination that amount in controversy exceeded jurisdictional
11 threshold based on combination of requested economic damages,
12 attorneys' fees, and punitive damages).  Since Plaintiff's
13 Complaint alleges an amount in controversy sufficient to meet the
14 federal jurisdictional threshold, Defendants' decision to remove
15 this case was not improper.

## V.  CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Amended Motion to Remand.

IT IS SO ORDERED.

Dated: January 20, 2010

_____
UNITED STATES DISTRICT JUDGE

4